IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ST. PAUL FIRE AND MARINE
INSURANCE COMPANY

VS.                                        CIVIL ACTION NO. 5:06cv55-KS-JMR

DELTA KAPPA CHAPTER OF ALPHA
PHI ALPHA FRATERNITY, INC., ET AL

## ORDER

This cause is before the Court on Defendants' David Hales Taylor, Gwendolyn Marie Taylor, Individually and as Joint Conservator for David Hales Taylor, II, (hereinafter "Taylor Defendants") Motion to Dismiss, Stay or Abstain From Hearing of Declaratory Action herein and the Court having considered the applicable law and all matters submitted by the parties and made a part of the record in this case, does hereby find as follows, to-wit:

St. Paul Fire and Marine Insurance Company ("St. Paul") is the Plaintiff in this action for Declaratory Judgment in which it seeks determination as to coverage and its duty to defend and indemnify Delta Kappa Chapter of Alpha Phi Alpha Fraternity, Inc. ("Alpha"). The underlying state court action currently pending in the Circuit Court of Claiborne County, Mississippi resulted from an extremely unfortunate occurrence wherein David Hales Taylor was allegedly severely injured in a fraternity pledge hazing event.

In their Response [10] Taylor Defendants deny the allegations of the Complaint of St. Paul and move the Court to dismiss, stay or abstain from hearing the declaratory judgment action. In their motion the Taylor Defendants affirmatively state that St. Paul has engaged legal counsel and is in the process of providing a defense to the Alpha Defendants and, further, that discovery is ongoing in the underlying state court action which is necessary to determine any

liability that St. Paul will have to the Taylor defendants. Additionally, the Taylor defendants state that judicial economy would dictate that the state court handle the issue of coverage, along with the issue of liability.

Movants ("Taylor Defendants") do not question the fact that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  Nor do they allege that this Complaint is improperly brought pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Fed. R. Civ. P.

Accordingly, this Court must make three inquiries regarding this Motion to Dismiss, Stay or Abstain. These are as follows:

(1) is the Declaratory Judgment action justiciable;

(2) does the District Court have authority to grant such relief; and

(3) should the District Court exercise its jurisdiction to decide the declaratory judgment action based on the factors stated in *St. Paul Insurance Company v. Trejo*, 39 F 3d 585 (5th Cir. 1994).

St. Paul's Declaratory Judgment action is clearly justiciable.  There is substantial controversy between the parties regarding coverage, which is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.  *Maryland Casualty Company v. Pac.:  Oil Company*, 312 U.S. 270, 273 (1941).

This Court clearly has the authority to grant declaratory relief as requested. There has been no issue raised by the Taylor Defendants, or by any of the other defendants, that this Court does not have the authority to grant the declaratory relief.

What appears to be the main thrust of Movants' argument is that this Court should exercise its discretion and abstain from deciding St. Paul's Declaratory Judgment action, leaving the coverage issue for the state court.  In *St. Paul Insurance Company v. Trejo*, the Fifth Circuit

identified seven non-exclusive factors for a District Court to consider in deciding whether it should abstain from hearing a declaratory judgment action. These factors are:

(1) whether there is a pending state action in which all the matters in controversy may be fully litigated;

(2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;

(3) whether the plaintiff engaged in forum shopping in bringing the suit;

(4) whether possible inequities in allowing declaratory relief to gain precedece in time or to change forum exists;

(5) whether the Federal Court is a convenient forum for the parties and witnesses;

(6) whether retaining the lawsuit in federal court would serve their purposes of judicial economy; and

(7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered into by the court before whom the parallel state suit between the same parties is pending.

In analyzing each of the these factors the Court finds against abstention. St. Paul is not a party to the underlying state court action and the issue of coverage has not been raised in the state court action. St. Paul filed this action in anticipation of potential coverage question, but the coverage question is only "potential" as there as been no adverse judgment against the Alpha Defendants. There is no issue of forum shopping, as St. Paul has exercised its right to take this diversity action into federal court. The federal court is convenient to the parties and the witnesses and no preference or precedence will be gained by St. Paul in proceeding with this action. It is merely an action to determine whether or not there is coverage and an obligation to provide a defense to the Alpha Defendants. The Declaratory Judgment action seeking to determine

coverage issues is not pending in state court and it would be preferential to resolve the issue early in this currently pending action. As stated above, there is no adverse judgment against St. Paul in the underlying state court action.

Based on the foregoing, IT IS ORDERED AND ADJUDGED that the Motion to Dismiss, Stay or Abstain filed by the Taylor Defendants be and the same is hereby **denied**.

IT IS FURTHER ORDERED that within five (5) days the parties should notify Judge Roper of the denial of this motion in accordance with the applicable local rules.

SO ORDERED this, the 5th day of October, 2006.

              s/ *Keith Starrett*
            UNITED STATES DISTRICT JUDGE